**COZEN O'CONNOR**
Valerie Rojas (CA Bar No. 180041)
*VRojas@cozen.com*
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 892-7965
Facsimile: (213) 784-9067

Michael D. Rafalko (PA Bar No. 200945)
(*Pro Hac Vice to be Filed*)
MRafalko@cozen.com
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-4611
Facsimile: (215) 372-2360

Wendy N. Enerson (IL Bar No. 6272377)
(*Pro Hac Vice to be Filed*)
Wenerson@cozen.com
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 382-3100
Facsimile: (312) 382-8910

Attorneys for Defendant TRANSAMERICA LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GUTHRIE and GRADY LEE HARRIS, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>[State Court Case No. RG21098977]<br><br>**DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND COUNSEL OF RECORD FOR ALL PARTIES:**

1

PLEASE TAKE NOTICE that Defendant Transamerica Life Insurance Company ("Defendant" or "TLIC") hereby removes this action filed in the Superior Court of the State of California for the County of Alameda ("State Court") to the United States District Court for the Northern District of California ("District Court") pursuant to: (i) 28 U.S.C §§ 1441 and 1446; and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453. Defendant's removal of this matter is based on the grounds set forth below.

I.   **BACKGROUND**

1.   On May 11, 2021, Plaintiffs Brian Guthrie and Grady Lee Harris, Jr. (collectively "Plaintiffs") filed a putative Class Action Complaint ("Complaint") against Defendant in the State Court, styled as *Brian Guthrie and Grady Lee Harris, Jr., on behalf of and themselves and all others similarly situated, v. Transamerica Life Insurance Company*, Case No. RG21098977 (hereinafter the "State Court Action"). A copy of the Complaint is attached as **Exhibit A** and a copy of the State Court Action Docket is attached as **Exhibit B**.

2.   Defendant was served with a Summons and the Complaint on May 21, 2021. A copy of the Summons is attached as **Exhibit C**. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) as Defendant has filed this Notice of Removal within thirty days of the date Defendant was served with Plaintiffs' Complaint.

3.   Plaintiffs assert the State Court Action on behalf of themselves and a putative class of allegedly similarly situated individuals in California to whom Defendant issued a Trendsetter LB individual term life insurance policy with a 30 day right to cancel and return (hereinafter the "Trendsetter LB Policy").

4.   Plaintiffs allege that the Trendsetter LB Policy "misleadingly represented the Chronic and Critical Illness Accelerated Death Benefit 'Riders' as being included at 'NO CHARGE' [which] misleadingly portrayed the Trendsetter LB

policy as costing the same as a Trendsetter level premium term policy without the Riders which simply was not true." Complaint at ¶1.

5. Plaintiffs further allege that Defendant had a duty to disclose that it had another Trendsetter policy called Trendsetter Super that allegedly "offered the same basic Trendsetter Series level premium term life insurance coverage without all of the 'Riders' for a significantly lower level premium (*i.e.*, approximately 14% to 27% lower)" (hereinafter the "Trendsetter Super Policy"). *See id*.

6. Plaintiffs also allege that Defendant had a duty to correct its alleged "materially misleading 'NO CHARGE' representation." *See id.*

7. Plaintiffs contend that Defendant's alleged "misleading 'NO CHARGE' representation" and its alleged failure to correct materially affected Plaintiffs and the putative class' decision whether to keep or return their Trendsetter LB policies, and that as a result, Plaintiffs and the putative class have paid and will continue to pay higher premiums for the same coverage under their Trendsetter LB policies than they could have had under a Trendsetter Super Policy for substantially lower level premiums. *See id.*

8. Based on these and other allegations, Plaintiffs' Complaint purports to assert the following three causes of action against Defendant: (a) "Unfair" business practices in alleged violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, *et seq*.; (b) "Unlawful" business practices in alleged violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, *et seq*.; and (c) "Fraudulent" business practices in alleged violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§17200, *et seq*.

9. Plaintiffs seeks restitution for the amounts of "extra premiums" they paid for the Trendsetter LB Policy over the premiums they would have paid for a Trendsetter Super Policy. *See id.* at ¶11. Plaintiffs also seek attorneys' fees, costs, pre and post judgment interest, and all other relief the Court deems proper.

## II. GROUNDS FOR REMOVAL

10. This case is removable and this Court has subject matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because (A) this is a putative class action with more than 100 putative class members, (B) there is minimal diversity among the parties, and (C) the Complaint places into controversy an amount that exceeds $5,000,000 in the aggregate.

11. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA provides that class actions filed in state court are removable to federal court if they meet certain basis prerequisites. Specifically, CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A. The Putative Class Exceeds 100 Members

12. CAFA requires that the putative class contain at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here.

13. Plaintiffs bring this action on behalf of themselves and a putative class defined as:

> All persons in the [sic] of California within the four-year period prior to the date of this Action was filed through the date the Class is certified who paid for, were issued, and did not cancel within 30 days after receipt a Transamerica Trendsetter LB individual term life insurance policy.
>
> Excluded from the Class are (i) Transamerica, the officers, employees, principals, affiliated entities and directors of Transamerica at all relevant times, members of their immediate families and their legal representatives, heirs,

successors or assigns and any entity in which Transamerica has or had a controlling interest; (ii) the judges to whom this action is assigned and any members of their immediate families; (iii) governmental entities; (iv) any person that approved procedures; and (v) any Trendsetter LB policy under which a death benefit or accelerated death benefit has been paid by Transamerica.

Complaint at ¶45.

14. While Plaintiffs do not quantify the specific number of putative class members in the Complaint, a review of Defendant's records indicates there are more than 30,000 members of the putative class, as defined by Plaintiffs. *See* Declaration of Anton Harper ("Harper Decl.") at ¶5, attached as **Exhibit D**.

### B. There is Minimal Diversity Among the Parties

15. The second CAFA requirement is minimal diversity, *i.e.*, that at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

16. Plaintiff Brian Guthrie alleges that he is a citizen of the State of California. *See* Complaint at ¶12.

17. Plaintiff Grady Lee Harris alleges that he is a citizen of the State of California. *See id.* at ¶13.

18. Plaintiffs seek to represent a putative class of California individuals who were issued a Trendsetter LB Policy. *See id.* at ¶45.

19. Defendant Transamerica Life Insurance Company is an Iowa corporation with a principal place of business in Cedar Rapids, Iowa. *See id.* at ¶15. Thus, Defendant is a citizen of Iowa. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business

"should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

20. Accordingly, there is minimal diversity, as the Plaintiffs are citizens of California, and Defendant is (and was at the time of the filing of the Complaint and all times intervening) a citizen of Iowa. This prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

### C.   The CAFA Amount in Controversy Is at Least $5,000,000

21. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

22. Defendant avers that the amount in controversy exceeds $5,000,000 only for the purpose of establishing subject matter jurisdiction under CAFA. Defendant's averments and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiffs' allegations, or whether a class action is proper.[1]

23. As the United States Supreme Court has held, a defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions the defendant's allegation." *Id.*

24. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse,* 775 F.3d at 1202 (*citing St. Paul*

---

[1] *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'") (*quoting Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)).

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). As such, the ultimate inquiry is what amount is put "in controversy" by Plaintiffs' Complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra*, 775 F.3d at 1198 n.1, (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal") (internal citations omitted).

25. Furthermore, as confirmed by the Ninth Circuit in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15, 417-18 (9th Cir. 2018), "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Accordingly, the amount in controversy may include all relief available to Plaintiffs through the end of trial.

26. Based on Plaintiffs' allegations and legal theories, the $5,000,000 CAFA amount in controversy requirement is satisfied.

27. As set forth above, Plaintiffs assert three causes of action for Defendant's purported violations of California's Unfair Competition Law, Bus. & Prof. Code §17200 *et seq*. These purported claims are subject to a four-year statute of limitations.

28. Plaintiffs contend that based on Defendant's allegedly misleading "NO CHARGE" representations and its alleged failure to correct such misleading representations, Plaintiffs and members of the putative class have paid substantially higher premium for the Trendsetter LB Policy than they could have paid for the same coverage under a Trendsetter Super Policy. *See* Complaint at ¶33.

29. Plaintiffs seek restitution for the difference between the premium amounts they paid for their Trendsetter LB policies and the premium amounts they could have paid for Trendsetter Super policies. *See id*. at ¶11. Plaintiffs also seek attorneys' fees, costs and both pre and post judgment interest.

30. Defendant's records indicate that during the four-year period prior to the filing of the Complaint – *i.e.* May 11, 2017 to May 11, 2021 – Defendant issued more than 30,000 Trendsetter LB policies to individual policyholders in California which remain fully in force. *See* Harper Decl. at ¶5.

31. Defendant's records also indicate that had these Trendsetter LB policyholders instead purchased a Trendsetter Super Policy, the difference in amount of premiums paid for these Trendsetter LB Policies versus the amount of premiums that Defendant would have charged for Trendsetter Super Policies exceeds $5,500,000. *See* Harper Decl. at ¶7.

32. Accordingly, based on Plaintiffs' allegations and the restitution Plaintiffs seeks for Defendant's purported violations of California's Unfair Competition Law, the approximate aggregate premium difference placed in controversy exceeds $5,500,000.

33. In addition, Plaintiffs also seek statutory attorneys' fees for Defendant's claimed violations.

34. In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794.

35. The Ninth Circuit uses a benchmark rate of 25% of the potential award as an estimate for attorneys' fees. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% … as a benchmark award for attorney fees."); *Glass v. UBS Fin. Servs.*, 331 F. App'x 452, 457 (9th Cir. 2009)

(finding 25% of total award, rather than 25% of amount actually collected by the class, "was proper, and in line with Ninth circuit precedent").

36. Accordingly, utilizing Defendant's calculation of the aggregate premium difference amount placed in controversy and the 25% benchmark for attorneys' fees used in the Ninth Circuit, Defendant reasonably calculates the amount in controversy on Plaintiffs' claim for statutory attorneys' fees is at least $1,375,000.

37. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

38. Accordingly, because the CAFA prerequisites are met, this case is properly removable under CAFA.

39. Defendant expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise. Additionally, Defendant assumes that the proposed class is as defined by Plaintiffs in the Complaint for purposes of this Notice of Removal only, but expressly reserves and does not waive its position that this action is not suitable for class action treatment.

40. In addition, nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

### III. NOTICE TO PLAINTIFFS AND STATE COURT

41. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiffs' counsel of record as reflected in the attached Certificate of Service. In addition, a copy of this Notice of

Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

    WHEREFORE, Defendant Transamerica Life Insurance Company respectfully requests that the above-captioned action now pending in State Court be removed to this United States District Court.

Dated: June 18, 2021          COZEN O'CONNOR

By: */s/ Valerie Rojas*
Valerie D. Rojas
Michael Rafalko *(Pro Hac Vice to the Filed)*
Wendy Enerson *(Pro Hac Vice to the Filed)*
Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE COMPANY