Wyatt A. Lison (SBN – 316775)
Joseph N. Kravec, Jr. (*Pro hac vice* application to be filed)
**FEINSTEIN DOYLE PAYNE
& KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Tel.: 412-281-8400
Fax: 412-281-1007
Email: wlison@fdpklaw.com
Email: jkravec@fdpklaw.com

*ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASS*

Benjamin Blakeman (SBN – 60596)
**BLAKEMAN LAW**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel: 213-629-9922
Fax: 213-232-3230
Email: ben@lifeinsurance-law.com

*ATTORNEY FOR PLAINTIFFS*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GUTHRIE and GRADY LEE HARRIS, JR., on behalf of and themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:21-cv-04688-WHO<br><br>**PLAINTIFFS' NOTICE AND MOTION FOR REMAND AND FEES AND COSTS AND MEMORANDUM IN SUPPORT**<br><br>Date: September 8, 2021<br>Time: 2:00pm<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |

**TABLE OF CONTENTS**

I. NOTICE OF MOTION ........................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ...............................................................1

III. MEMORANDUM ................................................................................................................1

    A. Introduction................................................................................................................1

    B. Relevant Facts............................................................................................................2

    C. Legal Standard ..........................................................................................................3

    D. Argument ...................................................................................................................4

        i. The Court does not have jurisdiction over Plaintiffs' UCL claims for restitution ..........................................................................................................4

        ii. As a removed action, this Court must remand Plaintiffs' equitable UCL claims for restitution ................................................................................................6

        iii. The Court should award attorneys' fees and costs to Plaintiffs incurred as a result of the removal .......................................................................................10

    E. Conclusion ................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Anderson v. Apple Inc.*,
   500 F. Supp. 3d 993 (N.D. Cal. 2020) ............................................................................... 1, 5

*Barney v. City of Baltimore*,
   73 U.S. 280–89 (1867) ............................................................................................................ 9

*Bennett v. Butterworth*,
   52 U.S. 669 (1851) .................................................................................................................. 7

*Boruta v. JPMorgan Chase Bank, N.A.*, No. 19-cv-03164-WHO,
   2019 U.S. Dist. LEXIS 148470 (N.D. Cal. Aug. 26, 2019) ..................................................... 4

*Cates v. Allen*,
   149 U.S. 451 (1893) ....................................................................................................... *passim*

*Costello v. United States*,
   365 U.S. 265 (1961) ................................................................................................................ 8

*Erie Railroad Co. v. Tompkins*,
   304 U.S. 64 (1938) .................................................................................................................. 4

*Guan v. Bi*, No. 13-cv-05537-WHO,
   2014 U.S. Dist. LEXIS 29961 (N.D. Cal. Mar. 6, 2014) ......................................................... 4

*Guaranty Trust Co. of New York v. York*,
   326 U.S. 99 (1945) .............................................................................................................. 4, 5

*Gutierrez v. Carmax Auto Superstores California*,
   19 Cal. App. 5th 1234, 248 Cal. Rptr. 3d 61 (2018), *as modified on denial of reh'g*
   (Feb. 22, 2018) ........................................................................................................................ 6

*Haldeman v. United States*,
   91 U.S. 584 (1875) .................................................................................................................. 8

*Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH,
   2020 U.S. Dist. LEXIS 229310 (N.D. Cal. Dec. 7, 2020) ....................................................... 5

*Horsburg v. Baker*,
   26 U.S. 232 (1828) .................................................................................................................. 9

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-cv-03131-JSC,
   2021 U.S. Dist. LEXIS 59875 (N.D. Cal. Mar. 29, 2021) ....................................................... 5

*Julian v. TTE Tech., Inc.*, No. 20-cv-02857-EMC,
   2020 U.S. Dist. LEXIS 215039 (N.D. Cal. Nov. 17, 2020) ..................................................... 6

*Kendig v. Dean*,
   97 U.S. 423 (1878) .................................................................................................................. 9

*Klein v. Chevron U.S.A., Inc.*,
   202 Cal. App. 4th 1342, 137 Cal. Rptr. 3d 293 (2012), *as modified on denial of reh'g*
   (Feb. 24, 2012) ........................................................................................................................ 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003) ................................................. 4

*Lussier v. Dollar Tree Stores, Inc.*,
    518 F.3d 1062 (9th Cir. 2008) ............................................................................................ 11

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ........................................................................................................... 10

*Milwaukie Construction Co. v. Glens Falls Insurance Co.*,
    367 F.2d 964 (9th Cir. 1966) ................................................................................................3

*Moore v. Permanente Med. Grp.*,
    981 F.2d 443 (9th Cir. 1992) ............................................................................................. 10

*Morgan v. AT&T Wireless Services, Inc.*,
    177 Cal. App. 4th 1235, n. 10, 99 Cal. Rptr. 3d 768 (2009) ............................................... 6

*O'Campo v. Ghoman*,
    622 F. App'x 609 (9th Cir. 2015) ........................................................................................ 9

*Pelayo v. Hyundai Motor Am., Inc., No. 8:20-cv-01503-JLS-ADS*,
    2021 U.S. Dist. LEXIS 88222 (C.D. Cal. May 5, 2021) ..................................................... 8

*Polo v. Innoventions Int'l, Ltd. Liab. Co.*,
    833 F.3d 1193 (9th Cir. 2016) ............................................................................................. 8

*Quynh Phan v. Sargento Foods, Inc., No. 20-cv-09251-EMC*,
    2021 U.S. Dist. LEXIS 103629 (N.D. Cal. June 2, 2021) ................................................... 5

*Scott v. Armstrong*,
    146 U.S. 499 (1892)..............................................................................................................7

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................................... passim

*Tennison v. Hub Grp. Trucking, Inc.*,
    No. LA CV20-05076 JAK (SPx), 2020 U.S. Dist. LEXIS 243452 (C.D. Cal. Dec. 28, 2020).........9, 10

*Thompson v. Railroad Companies*,
    73 U.S. 134 (1868)................................................................................................................7

*Troyk v. Farmers Grp., Inc.*,
    171 Cal. App. 4th 1305, 90 Cal. Rptr. 3d 589 (2009) ......................................................... 6

*Williams v. Tesla, Inc., No. 20-cv-08208-HSG*,
    2021 U.S. Dist. LEXIS 115279 (N.D. Cal. June 21, 2021) ................................................. 5

**Statutes**

28 U.S.C. § 1332(d) ................................................................................................................. 3

28 U.S.C. § 1441(a) ................................................................................................................. 3

28 U.S.C. § 1441(b) ................................................................................................................. 3

28 U.S.C. § 1447 ......................................................................................................... 1, 2, 3, 10

28 U.S.C. § 1453 ...................................................................................................................... 3

Cal. Bus. & Prof. Code § 17205 .............................................................................................. 6

California Code of Civil Procedure § 128.8 ................................................................................... 1, 4

Unfair Competition Law, Bus. & Prof. Code 17200, *et seq.* ..............................................................1

**Rules**

Cal. Civil L.R. 54-5 ..................................................................................................................... 11

Fed. R. Civ. Pro. 11 ..................................................................................................................... 1, 4

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 8, 2021 at 2:00pm, at Courtroom 2 of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H. Orrick, Plaintiffs will, and hereby do, move for an order granting remand of this action back to the Superior Court of California, County of Alameda and for attorneys' fees and costs. This motion is based on this Notice and Motion, the Memorandum of Points and Authorities below, the Declaration of Wyatt A. Lison, and the [Proposed] Order.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Does this Court have jurisdiction over Plaintiffs' equitable UCL claims for restitution where Plaintiffs have not alleged that they lack and adequate remedy at law in light of the Ninth Circuit's decision in *Sonner*?
2. Should this Court remand Plaintiffs' case to state court consistent with the Supreme Court's direction in *Cates*?
3. Should this Court award Plaintiffs attorneys' fees and costs incurred as a result of Defendant's removal under 28 U.S.C. § 1447(c)?

## III. MEMORANDUM

### A. Introduction

Plaintiffs Brian Guthrie and Grady Lee Harris, Jr. (collectively "Plaintiffs") respectfully move this Court to order remand this case back to the Superior Court of California in light of the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020) as this Court lacks equitable jurisdiction over Plaintiffs' case which asserts ***only*** claims for restitution under California's Unfair Competition Law, Bus. & Prof. Code 17200, *et seq.* ("UCL"). As this Court has recognized in a case originally filed in federal court, "*Sonner*… held that the plaintiff's request for restitution under the UCL and [the Consumers Legal Remedies Act ("CLRA")] must be dismissed because 'the operative complaint does not allege that Sonner lacks an adequate legal remedy.'" *Anderson v. Apple Inc.,* 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) (quoting *Sonner*, 971 F.3d at 844). Plaintiffs have not alleged and do not intend to allege that they lack an adequate legal remedy. Indeed, such an allegation here would be prohibited as it would violate California's Code of Civil Procedure § 128.8 and Fed. R. Civ. Pro. 11.

Because this Court lacks federal equitable jurisdiction to hear Plaintiffs' UCL claims for equitable relief, Plaintiffs assert no other claims and Plaintiffs' case was removed to (as opposed to originated in) federal court, the Supreme Court's decision in *Cates v. Allen*, 149 U.S. 451 (1893) is controlling and requires remand of Plaintiffs' case back to state court. In *Cates*, the Supreme Court held that where a federal court does not have equitable jurisdiction to hear claims that are otherwise properly removed, the trial court has a "duty" to remand. 149 U.S. at 460. Significantly, *Cates* involved a state statutory claim under Mississippi law that created only equitable remedies much like the UCL here, and the Supreme Court held that federal court lacked equitable jurisdiction over that state statutory claim and ordered it be remanded to state court where the claim was originally filed and could be heard. *Id*. at 457. The facts of the instant case mirror those in *Cates* in all relevant respects, and thus its outcome should dictate the result here.

Accordingly, as discussed in further detail below, this Court should remand Plaintiffs' case to the the Superior Court of California, County of Alameda and require Defendant to pay of Plaintiffs' attorneys' fees and costs incurred as a result of the removal.

**B. Relevant Facts**

On May 7, 2021, Plaintiffs filed a putative class action suit in the Alameda County Superior Court against Transamerica asserting three claims, all under the UCL. ECF No. 1-1. Plaintiffs allege that Transamerica made misleading and deceptive "NO CHARGE" for the riders statements to California policyholders in connection with its issuance of Trendsetter LB life insurance policies, and before the expiration of their 30-day right to review the terms of the policy and cancel it for a full refund. *See id.* at ¶ 1-2. The Trendsetter LB at issue, along with the Trendsetter Super, are policies in the "Trendsetter Series" of term life insurance products issued by Transamerica in California. *Id.* The Trendsetter LB is a bundled product which provides basic individual term life insurance bundled with two policy "riders" included with the basic policy (the Chronic Illness Accelerated Death Benefit Rider and the Critical Illness Accelerated Death Benefit Rider) which Transamerica's policy misleadingly states are being provided at "NO CHARGE." *See id.* at ¶ 3. The Trendsetter Super – an unbundled product without the riders – provides the *same* basic Trendsetter individual term life insurance policy coverage as the Trendsetter LB but is significantly cheaper than the Trendsetter LB by as much as 26.7%. *See id.* at ¶ 3-5.

Plaintiffs' Complaint alleges three UCL claims arising out of Transamerica's misleading and deceptive "NO CHARGE" for the riders representation which leads consumers to believe they are only paying the same amount of premium that they would otherwise be paying for the same basic underlying level premium absent the riders:

- in Count I, Plaintiffs bring a "unfair" business practices claim under the UCL;
- in Counts II, Plaintiffs bring an "unlawful" business practices claim under the UCL;
- in Count III, Plaintiffs bring a "fraudulent" business practices claim under the UCL.

ECF No. 1-1 at ¶¶ 53-78. Plaintiffs seek to certify their claims on behalf of a California class of individuals who purchased, paid for, and did not cancel within 30 days after receipt a Transamerica Trendsetter LB individual term life insurance policy. *Id.* at ¶¶ 45-52. Plaintiffs seek restitution under the UCL for the class in the amount by which the premium for the TrendSetter LB exceeds that of the TrendSetter Super. *Id.* at ¶ 11. Plaintiffs do not allege they lack an adequate remedy at law for Transamerica's conduct. *Id.*, generally.

On June 18, 2021, Transamerica filed a notice of removal, ECF No. 1, asserting that removal is proper under 28 U.S.C. § 1332(d), § 1441(a) and (b), and § 1453 because the proposed class consists of at least 100 members, the aggregate amount in controversy exceeds $5,000,000 (exclusive of interest and costs), and one member of the proposed class is a citizen of a state different from that of one defendant. *See id.* Transamerica's Second Amended Civil Cover Sheet identifies the nature of Plaintiffs' suit to be based on an insurance contract. ECF No. 7. Following an offer to Defendant to stipulate to remand in light of *Sonner* and *Cates*, which Defendant rejected, Plaintiffs timely moved for remand. *See* Declaration of Wyatt A. Lison ("Lison Decl."), ¶¶ 3-5, filed herewith.

### C. Legal Standard

Plaintiffs move for remand pursuant to 28 U.S.C. § 1447(c) for lack of federal equitable jurisdiction. Whether the Court has federal equitable jurisdiction over Plaintiffs' UCL claims seeking restitution is a "threshold jurisdictional question." *Sonner*, 971 F.3d at 839. *See also Milwaukie Construction Co. v. Glens Falls Insurance Co.*, 367 F.2d 964, at 965–66 (9th Cir. 1966) ("[t]he test of the jurisdiction of a court of equity is whether facts exist *at the time of the commencement of the action* sufficient to confer jurisdiction of the court") (emphasis added). When a case is removed under CAFA, a

court must determine whether remand is required based on the pleadings at the time of removal, and "summary-judgment-type" evidence in opposition to remand. *Boruta v. JPMorgan Chase Bank, N.A.*, No. 19-cv-03164-WHO, 2019 U.S. Dist. LEXIS 148470, at *6 (N.D. Cal. Aug. 26, 2019). (citations omitted). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Guan v. Bi*, No. 13-cv-05537-WHO, 2014 U.S. Dist. LEXIS 29961, at *4-5 (N.D. Cal. Mar. 6, 2014) (quoting 28 U.S.C. § 1447(c)).

### D. Argument

#### i. The Court does not have jurisdiction over Plaintiffs' UCL claims for restitution.

This Court does not have federal equitable jurisdiction to reach the merits of Plaintiffs' UCL claims for restitution. The Ninth Circuit in *Sonner* affirmed the long-standing rule that a federal court lacks equitable jurisdiction over a UCL claim seeking restitution unless the plaintiffs establish that they have no adequate remedies at law.[1] *Sonner*, 971 F.3d at 842-845. Plaintiffs did *not* allege that they lack an adequate remedy at law in their Complaint, nor do they intend to. *see* ECF No. 1-1. In fact, Plaintiffs could have brought claims at law such as breach of contract or negligent misrepresentation based on the "NO CHARGE" representation in Transamerica's policies, but did not do so as those claims provide no greater relief than the UCL. Thus, under California Code of Civil Procedure § 128.8 and Fed. R. Civ. Pro. 11, Plaintiffs could not allege they have no claim at law beyond what Plaintiffs can get under the UCL. Numerous courts applying *Sonner* have recognized that the absence of an allegation that the plaintiffs lack an adequate remedy at law means that the plaintiffs' UCL claims cannot be adjudicated in federal court because the court lacks federal equitable jurisdiction over them.

*Sonner* – applying the long-standing Supreme Court precedent of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945) – held "that federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL]" and that based on those principles, "the traditional principles governing

---

[1] For the purpose of equitable jurisdiction, federal courts look at the relief sought by a cause of action, not what law or principal created the right to the relief. Thus, despite being a statutory claim, the *Sonner* court called the UCL claim an "equitable claim" because it provides for only equitable relief. *Sonner*, 971 F.3d at 837. *See also See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-49, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003) (the UCL only provides injunctive relief and restitution).

equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL . . . in a diversity action." *Sonner*, 971 F.3d at 837, 844. Ultimately therefore, *Sonner* held that in federal court, federal equitable principles require a plaintiff in a diversity action to "establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL," **regardless of whether California rejected such a requirement for UCL claims**. *See id.* at 842-845 ("Even assuming California decided as a matter of policy to streamline UCL . . . claims by abrogating the state's inadequate-remedy-at-law doctrine, the strong federal policy protecting the constitutional right to a trial by jury outweighs that procedural interest. . . . that a State may authorize its courts to give equitable relief unhampered by the restriction that an adequate remedy at law be unavailable cannot remove that fetter from the federal courts.") (*citing York*, 326 U.S. at 105-106).

This very Court has recognized that *Sonner* stands for the proposition that plaintiffs bringing UCL claims in federal court "**are required, at a minimum, to plead that they lack an adequate remedy at law**." *Anderson,* 500 F. Supp. 3d at 1009 (emphasis added). *See also Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH, 2020 U.S. Dist. LEXIS 229310, at *24 (N.D. Cal. Dec. 7, 2020)("***plaintiff*** must show that he lacks an adequate legal remedy. The law does not recognize a presumption of inadequacy that defendant must affirmatively refute.") Numerous other decisions from this District have likewise recognized that *Sonner* requires a plaintiff to meet this *affirmative* pleading obligation before a federal court may exercise its equitable jurisdiction. *See, e.g., Williams v. Tesla, Inc.,* No. 20-cv-08208-HSG, 2021 U.S. Dist. LEXIS 115279, at *22 (N.D. Cal. June 21, 2021) (granting motion to dismiss equitable claims under the UCL and other statutes while permitting "Plaintiff leave to amend to allege that remedies at law are inadequate and to support his claim to any form of equitable or injunctive relief"); *Quynh Phan v. Sargento Foods, Inc.,* No. 20-cv-09251-EMC, 2021 U.S. Dist. LEXIS 103629, at *16-17 (N.D. Cal. June 2, 2021) (dismissing claim for equitable relief without prejudice where plaintiff "failed to show that there is no adequate legal remedy for the alleged harm" so that the plaintiff could bring the claim back in should plaintiff find facts, during discovery, showing that the legal remedy would not be adequate); *In re Cal. Gasoline Spot Mkt. Antitrust Litig.,* No. 20-cv-03131-JSC, 2021 U.S. Dist. LEXIS 59875, at *28 (N.D. Cal. Mar. 29, 2021) (noting "[t]he dispositive issue in *Sonner* was the plaintiff's failure to plead inadequate remedies at law or explain why the remedies she requested in the complaint would be inadequate" and dismissing claims

without prejudice where "Plaintiffs do not plead that they have inadequate remedies at law"); *Julian v. TTE Tech., Inc.,* No. 20-cv-02857-EMC, 2020 U.S. Dist. LEXIS 215039, at *10-12 (N.D. Cal. Nov. 17, 2020) (holding that to sustain equitable claims plaintiffs must "explain why legal remedies are inadequate in their pleading" and dismissing claims "to the extent they seek equitable relief because Plaintiffs have not demonstrated the inadequacy of a legal remedy," and dismissing claims "without prejudice such that, should Plaintiffs uncover during discovery a basis for claiming that legal remedies do not provide for adequate relief, they may seek to amend.")

Unlike federal courts, as alluded to in *Sonner,* California state courts are not bound by the same traditional equitable principles that limit a federal court's jurisdiction. Thus, the "adequate remedy at law" doctrine is not a bar to an equitable UCL claim for restitution in California state court. *See Troyk v. Farmers Grp., Inc.,* 171 Cal. App. 4th 1305, 1354, 90 Cal. Rptr. 3d 589, 630 (2009) (granting summary judgment to plaintiff as to defendant's affirmative defense of "adequate remedy at law" in a case alleging both breach of contract and UCL claims).[2] Indeed, the UCL itself makes that clear by stating that, "[u]nless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other *and to the remedies or penalties available under **all other laws of this state***." Cal. Bus. & Prof. Code § 17205 (emphasis added).

Plaintiffs have *not* alleged a lack of adequate legal remedies in their Complaint, nor do they intend to do so. *See* ECF No. 1-1, generally. Thus, it is clear from the face of their Complaint that Plaintiffs cannot maintain their equitable UCL claims for restitution in *this* Court as it lacks jurisdiction to adjudicate

---

[2] California consistently allows claims under the UCL for restitution to proceed *alongside* legal claims such as California's CLRA for damages. *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1263-1266, 248 Cal. Rptr. 3d 61, 88-90 (2018), *as modified on denial of reh'g* (Feb. 22, 2018); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1354, 1383-84, 137 Cal. Rptr. 3d 293, 302, 327 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) (observing that "a violation of the CLRA . . . may form the predicate unlawful act for the purposes of a UCL claim" and finding that plaintiff had stated claims under the UCL and CLRA arising out of the same conduct where those claims sought "damages, restitution and attorneys' fees") (citations omitted). *Cf. Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1253, n. 10, 99 Cal. Rptr. 3d 768, 783, n.10 (2009) (argument "that the CLRA provided the exclusive remedy for the conduct alleged, thus precluding plaintiffs' UCL claim . . . lacks merit, inasmuch as the CLRA expressly provides that it does *not* preclude claims or remedies under other statutes" and holding that plaintiff stated a claim under UCL and claim for damages under the CLRA).

them, but they can be maintained in California state court where this action originated. Thus, this case must be remanded back to state court as explained below.

### ii. As a removed action, this Court must remand Plaintiffs' equitable UCL claims for restitution.

Given this Court's lack of federal equitable jurisdiction, Plaintiffs' removed case must be remanded back to state court. The Supreme Court addressed this exact situation over a century ago in *Cates v. Allen*, 149 U.S. 451 (1893) holding that where federal equitable jurisdiction is lacking over a removed case, remand is required.

In *Cates,* the plaintiffs originally brought suit in state court seeking relief under a Mississippi state statute which provided that the state's chancery courts have jurisdiction over cases seeking "to set aside fraudulent conveyances of property or other devices resorted to for the purpose of hindering, delaying, or defrauding creditors". *Id.* at 454. Much like the UCL, the Mississippi statute at issue in *Cates* permitted creditors like the *Cates* plaintiffs to proceed on such equitable claims without first establishing the validity of the debt through "a proceeding at law." *Id.* Foreshadowing *Sonner*, the Supreme Court in *Cates* noted that, "the Constitution of the United States, in creating and defining the judicial power of the general government, had established the distinction between law and equity, and that equitable relief in aid of demands cognizable in the courts of the United States only on their law side could not be sought in the same action, although allowable in the state courts by virtue of state legislation." *Id*. at 456-57 (*citing Bennett v. Butterworth*, 52 U.S. 669 (1851); *Thompson v. Railroad Companies*, 73 U.S. 134 (1868); *Scott v. Armstrong*, 146 U.S. 499 (1892)).

Accordingly, *Cates* held that it was "elementary" that it was necessary for a plaintiff to establish his right to recover such a debt in a legal proceeding and exhaust his legal remedy before bringing such an equitable claim in federal court; therefore, while such claims could be brought in Mississippi state courts of equity under the state statute, they could *not* be heard in federal court. *See id.* at 457-59. The Supreme Court went on to note that were it to give effect to the aim of state law, the result would "unite legal and equitable claims in the same action, *which cannot be allowed in the practice of the courts of the United States*, in which the distinction between law and equity is matter of substance and not merely of form and procedure." *Id.* at 459 (emphasis added).

Because federal courts lacked jurisdiction to adjudicate the *Cates* plaintiffs' claim for equitable relief under a state statutory cause of action, the Supreme Court ordered the case remanded back to state court, holding:

> The bill was originally filed in the state court, and removed . . . on the ground of diverse citizenship. . . . So far as citizenship and amount were concerned, the plaintiffs were entitled to file their petition for removal; but the nature of the controversy was such that the suit was not properly cognizable in the circuit court for the reasons heretofore given. While there are cases where the courts of the United States may acquire jurisdiction by removal from state courts when jurisdiction would not have attached if the suits had been originally brought therein, those are cases of jurisdiction over the parties, and not of jurisdiction based upon the subject-matter of the litigation, and furnish no rule for the disposition of cases such as that before us. But it is not to be concluded where diverse citizenship might enable the parties to remove a case but for the objection arising from the nature of the controversy, that, if such removal has been had, the suit must be dismissed on the ground of want of jurisdiction. ***On the contrary, we are of opinion that it is the duty of the circuit court, under such circumstances, to remand the cause***.

*Id.* at 459–60 (emphasis added). This Court should follow the principle reflected in *Cates*.[3]

Just like the plaintiffs in *Cates*, Plaintiffs here have chosen to pursue only a state statutory claim for equitable relief – the UCL – which can be brought in state court notwithstanding the availability of an adequate legal remedy. Because federal courts do not have equitable jurisdiction over the equitable UCL claims for restitution in this case under the Ninth Circuit's clear instruction in *Sonner*, the Court has the "duty" to order the remand of Plaintiffs' Complaint under *Cates*.

Remanding Plaintiffs' claims back to state court is also consistent with decisions from this Circuit in cases originally filed in federal court dismissing restitution claims under the UCL *without prejudice*. *See, e.g., Pelayo v. Hyundai Motor Am., Inc.*, No. 8:20-cv-01503-JLS-ADS, 2021 U.S. Dist. LEXIS 88222, at *28 (C.D. Cal. May 5, 2021) (dismissing equitable claims without prejudice when the plaintiff could not demonstrate the inadequacy of legal remedies). It is also consistent with the Supreme Court's constant reminders that dismissing a lawsuit on a ground not going to the merits is not ordinarily a bar to a subsequent action on the same claim. *Costello v. United States*, 365 U.S. 265, 287-88 (1961). *See also Haldeman v. United States*, 91 U.S. 584, 585 (1875) ("there must be at least one decision on a right

---

[3] The same principle is recognized where a federal court lacks jurisdiction because a plaintiff in the removed case lacks standing under Article III. *See, e.g., Polo v. Innoventions Int'l, Ltd. Liab. Co.,* 833 F.3d 1193, 1194 (9th Cir. 2016) ("We hold that upon determining that it lacked jurisdiction, the district court should have remanded the case to state court").

between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit"); *O'Campo v. Ghoman*, 622 F. App'x 609, 610 (9th Cir. 2015) ("the district court erred in dismissing the complaint with prejudice, as a dismissal for lack of jurisdiction is not an adjudication on the merits.").[4]

However, where, as here, the Plaintiffs' claims were originally brought in state court, dismissal is not the proper course as a removed case lacking federal equitable jurisdiction must be remanded to state court as the Supreme Court in *Cates* instructs. While several district courts since *Sonner* have dismissed UCL claims for lack of federal equitable jurisdiction in cases originated in federal courts, Plaintiffs are not aware of any ruling from a court since *Sonner* where, as here, a plaintiff's equitable claims were removed from state court, and the plaintiff sought timely remand in reliance upon *Sonner's* holding that a plaintiff must allege a lack of adequate remedies at law. But *Sonner* did not make new law as it only applied long-standing principles of federal equitable jurisdiction. Thus, the Supreme Court's long-standing decision in *Cates* requiring remand in a removed case where there is a lack of federal equitable jurisdiction is controlling here.

In responding to Plaintiffs' request that Transamerica stipulate to remand this action back to state court, Transamerica relied on *Tennison v. Hub Grp. Trucking, Inc.*, No. LA CV20-05076 JAK (SPx), 2020 U.S. Dist. LEXIS 243452 (C.D. Cal. Dec. 28, 2020), as supporting dismissal of Plaintiffs' claims in a removed case without remand, saying that the *Tennison* court had dismissed the plaintiff's claims under *Sonner*. Lison Decl., Exh. 1. But *Tennison* did not dismiss the plaintiff's claims under *Sonner*. It is not controlling and is plainly inapposite to the situation here.

---

[4] Dismissal without prejudice in cases not originating in state court is also consistent with longstanding principles concerning the equitable jurisdiction of federal courts. *See Kendig v. Dean*, 97 U.S. 423, 423-25 (1878) (where federal court, sitting in equity, "had no jurisdiction to try the case [for lack of an] indispensable party to the relief sought in the bill, or to any relief which a court of equity could give . . . [the case] should have been dismissed without prejudice"); *Barney v. City of Baltimore*, 73 U.S. 280, 288–89 (1867) (where federal court, sitting as a court of equity, had no jurisdiction of a case seeking equitable partition of real estate for lack of necessary party, proper course is to "dismiss[] the bill for want of jurisdiction, and without prejudice to plaintiff's right to bring any suit she may be advised in the proper court"); *Horsburg v. Baker*, 26 U.S. 232 (1828) (where action seeking to enforce a right at law was brought in court of equity, court cannot hear the matter, and therefore must dismiss "without prejudice"; court cannot enter dismissal on the merits).

In *Tennison*, the court discussed *Sonner's* requirement to establish a lack of an adequate remedy at law before securing restitution for harm under the UCL in the context of a motion for remand. *Tennison*, 2020 U.S. Dist. LEXIS 243452, at *32. However, the *Tennison* plaintiff sought remand for lack of CAFA jurisdiction, not lack of equity jurisdiction. *Id*. at *11. After finding it had CAFA jurisdiction, the court proceeded to dismiss the plaintiff's claims at law for failure to state a claim. *Id*. at *23-31. The court then dismissed the plaintiff's UCL claim because it was entirely derivative of the dismissed claims at law, not because it sought only equitable relief. *Id*. at *32 ("Defendants argue that this cause of action must be dismissed because it is derivative of legally deficient causes of action. Given the disposition of Plaintiff's other causes of action, the UCL cause of action also fails.") The *Tennison* court was not presented with the argument, and did not decide, whether the plaintiff's UCL claim should be remanded in light of *Sonner*. *Id*. Despite Transamerica's statement to the contrary, *Tennison* did not dismiss the plaintiff's claims under *Sonner*, and clearly does not stand for the proposition that this court can dismiss Plaintiffs' UCL claims with prejudice where it lacks equitable jurisdiction to adjudicate those claims in the first instance.

### iii. The Court should award attorneys' fees and costs to Plaintiffs incurred as a result of the removal

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award fees and costs is a matter of discretion, and a plaintiff need not show that the removal was in bad faith. *Moore v. Permanente Med. Grp.,* 981 F.2d 443, 448 (9th Cir. 1992). The Supreme Court has directed that "the standard for awarding fees should turn on the reasonableness of the removal" and fees may be awarded where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Transamerica was unaware of *Sonner* at the time it removed this action to federal court. Lison Decl, ¶ 3. Following removal of this action, Plaintiffs asked Transamerica to stipulate to remand based on the decisions in *Sonner* and *Cates*, providing copies of both to Transamerica's counsel. Lison Decl., ¶ 4. After taking about 2 weeks to consider the issue, Defendant rejected Plaintiffs' request based on *Tennison*. *See* Lison Decl., ¶ 5 and Exh. 1 thereto. An objectively reasonable defendant would have realized that in light of these clear precedents, and the obvious distinctions in *Tennison*, removal was

improper and remand is required in this situation for the reasons set forth above. Thus, there was no objectively reasonable basis for removal and then to refuse to enter into a stipulation for remand, making reimbursement of fees and costs warranted. *See Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1067 (9th Cir. 2008) (arguments for removal are objectively unreasonable where "clearly foreclosed" by applicable authority).

### E. Conclusion

For the foregoing reasons, the Court should remand to state court Plaintiffs' Complaint and enter an order directing Plaintiffs to file a petition for reimbursement of attorneys' fees and costs within 14 days pursuant to N.D. Cal. Civil L.R. 54-5.

Dated: July 14, 2021

**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By: s/Wyatt A. Lison
    Wyatt A. Lison (SBN – 316775)

Joseph N. Kravec, Jr. (*Pro hac vice* application to be filed)
**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
429 Fourth Avenue, Suite 1300
Pittsburgh, PA 15219
Tel.: 412-281-8400
Fax: 412-281-1007
Email: wlison@fdpklaw.com
Email: jkravec@fdpklaw.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

Benjamin Blakeman (SBN – 60596)
**BLAKEMAN LAW**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel: 213-629-9922
Fax: 213-232-3230
Email: ben@lifeinsurance-law.com

*ATTORNEY FOR PLAINTIFFS*