UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GUTHRIE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:21-cv-04688-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 16 |

**INTRODUCTION**

This case presents an issue that is both novel and settled by a century-old principle. The plaintiffs seek a single remedy under a single statute: equitable restitution under California's Unfair Competition Law ("UCL"). Last year, the Ninth Circuit held in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), that traditional federal equitable rules apply to UCL restitution; in particular, a plaintiff must demonstrate that she lacks an adequate remedy at law before securing UCL restitution. District courts have understood *Sonner* to require that, at a minimum, a plaintiff *plead* that she lacks an adequate remedy at law. The plaintiffs in this case do not plead that they lack legal remedies; in fact, they represent that they will not and cannot do so. Under *Sonner*, then, I lack equitable jurisdiction over the plaintiffs' claims.

Often, when a federal court finds that it lacks equitable jurisdiction, it dismisses the claim or request for relief. But this case started in state court and was removed to this court, so the plaintiffs argue that I should remand it because the state court is not bound by federal equitable rules. While neither I nor the parties have found a case deciding this issue based on *Sonner,* United States Supreme Court precedent squarely favors the plaintiffs.

Before the turn of the last century, in *Cates v. Allen*, 149 U.S. 451 (1893), the Court held

that when a federal court lacks equitable jurisdiction over a removed case, the case may be remanded, not dismissed. Three decades later, the Court reiterated the principle in *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927). And more recently, in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court held that federal courts may remand cases when an abstention doctrine would require them to dismiss or stay the case; that power, the Court explained, arises from a federal court's authority "to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity." Because I lack equitable jurisdiction over the plaintiffs' claims, their motion to remand the case to state court is granted.

## BACKGROUND

Plaintiffs Brian Guthrie and Grady Lee Harris, Jr., filed this putative class action against Transamerica Life Insurance Company ("Transamerica") in California state court; Transamerica removed it to this court in June 2021. Dkt. No. 1. The Complaint brings three claims, all under the UCL, and seeks only equitable restitution. Dkt. No. 1-1. It alleges, essentially, that Transamerica represented that policy riders for its insurance policies would have "no charge." *Id.* This, the plaintiffs claim, would incorrectly lead consumers to believe they were only paying the amount of the premium they would be paying for the underlying policy, which is not true. *Id.* This motion, however, is not about the allegations of the suit, it is about the fact that the plaintiffs seek only equitable relief under the UCL.

## DISCUSSION

The plaintiffs argue that this case must be remanded to state court because I lack equitable jurisdiction over it. *See generally* Motion to Remand ("Mot.") [Dkt. No. 16]. For the reasons that follow, I agree.

**I.     Equitable Jurisdiction**

    **A.  Actions in Equity Generally**

To explain the resolution of this motion, a little history is necessary. By the time of the drafting of the Constitution, England had developed two relevant court systems: the courts of law and courts of equity. *See generally, e.g.*, Charles T. McCormick, *The Fusion of Law and Equity in United States Courts*, 6 N.C. L. Rev. 3 (1928); *see also, e.g.*, *Ellis v. Davis*, 109 U.S. 485, 497

(1883) (examining the distinction). The Constitution, too, recognized the distinction between actions at law and actions in equity. Article III defined the "judicial power" to "extend to all Cases, in Law and Equity" that fell into certain categories. U.S. Const. art. III, § 2. The Seventh Amendment right to a trial by jury in a civil case extended only to "suits at common law," saying nothing of equity. U.S. Const. amend. VII. And the Eleventh Amendment restricted the judicial power from reaching "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

As a general matter, actions at law sought money damages while actions in equity sought injunctions or similar orders that compelled or prohibited actions. *See Tull v. United States*, 481 U.S. 412, 423 (1987). But, then and now, there were other equitable remedies—including some that result in monetary compensation—and the lines were not always sharply drawn. *See, e.g.*, *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002) (discussing equitable restitution).

For a time, some American courts, including the federal courts, partially followed the English model and separated *actions* into those at law and those in equity. But the two types of actions slowly began to merge. *See, e.g.*, *Liberty Oil Co. v. Condon Nat. Bank*, 260 U.S. 235, 243 (1922) (discussing the "union of laws and equity actions"). And in 1938, the Federal Rules of Civil Procedure were adopted, completing the "merger of law and equity in federal courts." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). Since then, federal courts have heard claims for remedies at law and claims for equitable remedies in consolidated actions.

Whether a remedy sounds in law or equity still matters. One reason is that, as noted, the Seventh Amendment guarantees the right to a jury trial only to actions at law, not equity. Even in modern times, determining which side of the line an action falls on requires looking at whether it is "more similar to cases that were tried in [English] courts of law than to suits tried in courts of equity or admiralty." *Tull*, 481 U.S. at 417. Another reason is that federal courts' authority differs in crucial ways when they sit in equity. In one sense, it is less constrained: Federal courts sitting in equity have significant discretion when it comes to determining whether a remedy should be

3

awarded and, if so, fashioning that remedy to do equity.  *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.").  In another sense, federal courts' equity powers are more constrained:  Before awarding equitable relief, the court must find that the plaintiff lacks an adequate remedy at law.  *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).  And before receiving an injunction, plaintiffs must demonstrate that they would suffer irreparable injury, that the balance of equities favors them, and that an injunction would not be against the public interest.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

### B. The Nature of Equitable or Equity Jurisdiction

Against this backdrop, I turn to the nature of equitable jurisdiction and what it is not:  It is not a form of federal subject matter jurisdiction.  As explained, the Constitution limited the judicial power of the United states only to certain "cases" and "controversies."  *See* U.S. Const. art. III, § 2, cl. 1.  Two grants of jurisdiction are best known:  The federal judicial power extends to "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority," and to "Controversies . . . between Citizens of different States."  *Id.*  Even when there is a constitutional grant of subject matter jurisdiction, "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction."  *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004).  Congress has done so in the two categories of jurisdiction just discussed (albeit not to the full extent permitted by the Constitution):  "federal question" jurisdiction in 28 U.S.C. § 1331 and "diversity" jurisdiction in 28 U.S.C. § 1332.  The boundaries of subject matter jurisdiction are unshakeable and unwaivable; a federal court may not pass on the merits of a suit unless it has assured itself of subject matter jurisdiction.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

Equitable jurisdiction is a different creature.  As the Supreme Court has explained, even when a court has subject matter jurisdiction over the suit "[t]here remains the question of equitable jurisdiction."  *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975).  While subject matter jurisdiction is concerned with "whether the claim falls within the limited jurisdiction conferred on

the federal courts," equitable jurisdiction is concerned with "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." *Id.*[1] As explained above, there are important constraints on federal courts' exercise of equitable power. *See supra* Section I.A.

When courts speak of equitable (or sometimes, "equity") jurisdiction, that is what they speak of: the power to entertain claims and award remedies that are equitable in nature. *See, e.g.*, *Schlesinger*, 420 U.S. at 754. As the Supreme Court once put it, "[t]he absence of a complete and adequate remedy at law, is the only test of equity jurisdiction." *Payne v. Hook*, 74 U.S. 425, 430 (1868) (approvingly cited in *Sonner*, 971 F.3d at 841).

The Ninth Circuit illustrated this concept when reviewing the denial of a motion to return property in *United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005). It explained that "[t]he district court denied Kama's motion, concluding that it lacked equitable jurisdiction to consider the motion." *Id.* at 1237. The district court did not "exercise its equitable jurisdiction to entertain the motion" because all but one of the equitable factors to consider weighed against it. *Id.* at 1238. Among other things, that entailed a finding that there was no likelihood of irreparable injury. *Id.* And the Second Circuit, in a case relied on by *Sonner*, described "equity jurisdiction" to encompass the traditional rules of equity that "prevail[ed] when the Constitution was adopted." *Oneida Indian Nation of New York State v. Oneida Cty.*, N. Y., 464 F.2d 916, 921 (2d Cir. 1972), *rev'd on other grounds sub nom. Oneida Indian Nation of N. Y. State v. Oneida Cty., New York*, 414 U.S. 661 (1974) (approvingly cited in *Sonner*, 971 F.3d at 834).

Consequently, to say that a court lacks equitable jurisdiction is to say that traditional equitable principles bar the court from entertaining the claim or granting relief. And even though

---

[1] *See also Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953) ("This case is permeated with serious questions relating to jurisdiction which requires, at the threshold of our discussion, that we point out the distinction between the term 'jurisdiction' in its strict sense, and as commonly used in equity jurisprudence. 'Jurisdiction', in the strict meaning of the term, is the power to hear and determine the subject matter of the class of actions to which the particular case belongs. Reference to 'equity jurisdiction' does not relate to the power of the court to hear and determine a controversy but relates to whether it ought to assume the jurisdiction and decide the cause. The distinction is of the utmost importance here, as this case involves problems of both 'equity jurisdiction' and 'jurisdiction' in its strict sense.").

it is not an aspect of subject matter jurisdiction, whether a court possesses equitable jurisdiction is still antecedent to hearing a claim on the merits. *See Schlesinger*, 420 U.S. at 754; *Matthews v. Rodgers*, 284 U.S. 521, 524 (1932); *Kama*, 394 F.3d at 1237–38; *Sacks v. Stecker*, 62 F.2d 65, 67 (2d Cir. 1932). Indeed, in *Sonner*, the Ninth Circuit described whether federal equitable principles applied as a "threshold jurisdictional question." 971 F.3d at 839.

### C.  Equitable Jurisdiction is Lacking Here

The issue in this case is whether I possess equitable jurisdiction over the UCL claim. In *Sonner*, the Ninth Circuit held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL." 971 F.3d at 841. *Sonner* reached that result by way of the *Erie* doctrine, which, as a general matter, requires that federal courts sitting in diversity apply state substantive law and federal procedural law. *See id.* at 839–40; *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 107 (1945). Applying federal equitable principles even to state-law claims, the Ninth Circuit explained, has long been federal practice. *Sonner*, 971 F.3d at 839. It wrote that "[i]t has been a fundamental principle for well over a century that state law cannot expand or limit a federal court's equitable authority." *Id.* at 841 (citing *Payne*, 74 U.S. (7 Wall.) at 430). State law, therefore, "can neither broaden nor restrain a federal court's power to issue equitable relief." *Id.*

As explained above, "[i]t is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal quotation marks, citation, and alteration omitted). That principle, *Sonner* held, applies to UCL claims. *Sonner*, 971 F.3d at 841. A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Id.* at 844. In other words, if the plaintiff cannot show a lack of adequate remedies at law, the court lacks equitable jurisdiction over the UCL claim. *See supra* Section I.B; *see, e.g.*, *Schlesinger*, 420 U.S. at 754. Although *Sonner* did not use the words "equitable jurisdiction," the presence of adequate legal remedies means an absence of equitable jurisdiction. *See supra* Section I.B. And, indeed, *Sonner* relied on cases explicitly stating that these principles were a matter of equitable

jurisdiction.  *See Payne*, 74 U.S. at 430; *Oneida*, 464 F.2d at 921.

I and many other district judges applying *Sonner* have understood it to require that a plaintiff must, at a minimum, *plead* that she lacks adequate remedies at law if she seeks equitable relief.  *See, e.g.*, *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) (Orrick, J.); *Brown v. Madison Reed*, No. 21-CV-01233-WHO, 2021 WL 3861457, at *12 (N.D. Cal. Aug. 30, 2021) (Orrick, J.); *Watkins v. MGA Ent., Inc.*, No. 21-CV-00617-JCS, 2021 WL 3141218, at *17 (N.D. Cal. July 26, 2021) (collecting cases); *TopDevz, LLC v. LinkedIn Corp.*, No. 20-CV-08324-SVK, 2021 WL 3373914, at *5 (N.D. Cal. Aug. 3, 2021); *Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1078 (S.D. Cal. 2021); *see also Sonner*, 971 F.3d at 844 (explaining that "[i]nitially, the operative complaint does not allege that Sonner lacks an adequate legal remedy" and interpreting *O'Shea* to "hold[] that a complaint seeking equitable relief failed because it did not plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law'").  When plaintiffs have not made that allegation, I have dismissed the claims with leave to amend so that they could.  *See Anderson*, 500 F. Supp. at 1009; *Brown*, 2021 WL 3861457, at *12.

Here, the plaintiffs have not alleged that they lack an adequate remedy at law.  In their Motion to Remand, they unequivocally represent that they do not intend to make that allegation.  *See* Mot. 1, 4, 6.  They argue, in fact, that they are unable to do so honestly.  *Id.* 4.  They contend that, as a result, I lack equitable jurisdiction.

This precise argument—that a failure to plead a lack of adequate remedies at law under *Sonner* should lead to remand of removed cases that seek only equitable relief—is novel.  Neither party has pointed to, and I have not found, any case on all fours.  But, for the reasons that follow, that novel question is answered by well-settled principles.

As explained above, when a plaintiff *has* an adequate remedy at law, the court lacks equitable jurisdiction.  *See supra* Section I.B.  Therefore, under *Sonner*—that is, under the interpretation that I and all district courts of which I am aware have adopted—a court lacks equitable jurisdiction if a plaintiff fails to *plead* that she lacks an adequate remedy at law.  And it follows that, if a plaintiff fails to plead (or at least refuses to plead) that she lacks an adequate remedy at law, the court does not have equitable jurisdiction over the claim.

7

  Transamerica does not dispute much of this (most of its argument is about what implication should be drawn from it). The relevant portion of its brief takes aim at the argument that *Sonner* does not dictate the scope of courts' *subject matter jurisdiction*. *See, e.g.*, Opposition to the Mot. ("Oppo.") [Dkt. No. 23] 13. I agree. But for the reasons explained above, subject matter jurisdiction and equitable jurisdiction are separate. *See supra* Section I.B. At one point, Transamerica argues that "*Sonner* does not stand for the proposition that federal courts lack subject matter *or equitable jurisdiction* over UCL claims seeking equitable relief." Oppo. 13 (emphasis added). As I have explained, *Sonner* did not *describe* its holding using the phrase equitable jurisdiction, but Supreme Court and Ninth Circuit precedent—including cases *Sonner* relied on—make clear that is what it concerned in substance. *See supra* Section I.B.

  Transamerica argues that one district court has rejected this view. *See* Dkt. No. 27. In that case, the plaintiff relied on *Sonner* to "argue that [the] Court lack[ed] jurisdiction over Plaintiff's claims for equitable relief under the UCL and CLRA because Defendant . . . failed to demonstrate or even allege that Plaintiff's legal remedy sought is inadequate." *Naseri v. Greenfield World Trade, Inc.*, No. SACV2101084CJCKESX, 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021). The court explained that "*Sonner* did not hold that failure to allege an inadequate legal remedy deprives a court of subject matter jurisdiction. Rather, *Sonner* held that failure to allege an inadequate legal remedy precludes a plaintiff from recovering at all." *Id.* As that quotation and the opinion as a whole make clear, that court addressed only the interplay between *Sonner* and *subject matter jurisdiction*. *See also id.* ("Plaintiff's motion to remand these claims *for lack of subject matter jurisdiction* under *Sonner* is therefore DENIED." (italics added)). No dispute here. The other part of the court's explanation is also accurate; *Sonner* "held that failure to allege an inadequate legal remedy precludes a plaintiff from recovering at all." *Id. Naseri's* analysis ended there. It did not address the next logical step in the plaintiffs' argument here: that a lack of equitable jurisdiction requires remand under Supreme Court precedent.[2] *Naseri* does not

---

[2] Transamerica argued at the hearing that the plaintiff's reply brief in *Naseri* asserted that the court should remand due to a lack of equitable jurisdiction. *See Naseri v. Greenfield World Trade, Inc.*, 8:21-cv-01084-CJC-KES (C.D. Cal.), Dkt. No. 20. That brief used the phrase "equitable jurisdiction" three times, each with virtually no elaboration. *Id.* at 1, 9, 10. The first and last were

8

1  contradict anything said here, or the plaintiffs' position.

## II. Remedy for a Lack of Equitable Jurisdiction

The heart of the parties' dispute is over the implication that should flow from a finding that I lack equitable jurisdiction (or, in Transamerica's framing, that I am precluded from determining the plaintiffs' claims). *Sonner* itself simply affirmed *dismissal* of the claim. *Sonner*, 971 F.3d at 845. And courts have routinely dismissed claims when a plaintiff fails to show she is entitled to equitable relief. *See, e.g.*, *Anderson*, 500 F. Supp. 3d at 1009; *Watkins v. MGA Ent., Inc.*, 2021 WL 3141218, at *17.

The plaintiffs offer a different solution. Because their case began in state court and the federal court lacks equitable jurisdiction over their claims, they argue that the case should be remanded. For that view, they reach back more than a century to *Cates v. Allen*, 149 U.S. 451 (1893).

In *Cates*, the petitioners made a deed of assignment to creditors of certain property. *Id.* at 452. The respondents filed a bill of complaint in a Mississippi court of equity. *Id.* They alleged that the assignment was fraudulent and invalid on other grounds. *Id.* They also requested that it be found void, that the property assigned be used to pay the debts to respondents, that it be enjoined, that the property be sequestered, to appoint a receiver, and that they receive a lien on the property. *Id.* at 452–53. The property was sequestered. *Id.* at 453. The respondents then filed a petition to remove the case to federal court. *Id.* (This was at a time when the removal statute permitted plaintiffs to remove cases.) The petitioners demurred, arguing that, among other things, there was no equitable jurisdiction in the federal court. *Id.* But the trial court entered a series of orders, such as voiding the assignment, imposing a lien, and appointing a receiver. *Id.*

On appeal, the Supreme Court explained that the respondents "had not reduced their claims

---

introductory and concluding statements. *Id.* at 1, 10. The other was in the substantive discussion but was said in passing as part of the discussion of subject matter jurisdiction; all cases the plaintiffs cited were about subject matter jurisdiction. *Id.* at 9. The *Naseri* court—whether it did not consider the argument to be separate, did not consider it to be developed, or did not notice it— did not address it. The plaintiff's *motion* also did not raise the issue at all. *See id.*, Dkt. No. 15. Most importantly, that court did not discuss, and the plaintiff did not raise, any of the authority here about equitable jurisdiction or its relationship to remand.

9

to judgment, and therefore had no standing in the United States circuit court, sitting as a court of equity, upon a bill to set aside and vacate a fraudulent conveyance." *Id.* at 454. The state equity court, it said, was given jurisdiction under state law over certain suits by creditors "who have not obtained judgments at law." *Id.* But the federal court, the Court said, "could not, under their operation, take jurisdiction of a bill in equity to subject the property of the defendants to the payment of a simple contract debt in advance of any proceeding at law, either to establish the validity or amount of the debt or to enforce its collection." *Id.* (citing *Scott v. Neely*, 140 U.S. 106 (1891)). The Court explained that, "the constitution of the United States, in creating and defining the judicial power of the general government, had established the distinction between law and equity." *Id.* But "equitable relief in aid of demands cognizable in the courts of the United States only on their law side could not be sought in the same action, although allowable in the state courts by virtue of state legislation." *Id.* at 456–57. It did not matter that Mississippi law permitted its courts to do so "in advance of any judgment or legal proceedings upon his contract." *Id.* at 457. Instead, as a matter of equitable principles, creditors were required to get the legal remedy of a judgment—so that they had "exhaust[ed] the legal remedy." *Id.* Without it, a party could not "invoke equity interposition in the United States courts." *Id.* at 459.

*Cates* involved a case removed "on the ground of diverse citizenship." *Id.* at 459. At the time, the removal statute provided that,

> if, in any suit removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, the said circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just.

*Id.* at 459–60 (internal quotation marks and alterations omitted) (quoting Act of March 3, 1875, 18 Stat. 470). And, the Court said that, under a later act, "a circuit court may remand a case upon deciding that it was improperly removed." *Id.* at 460 (citing Act of March 3, 1887, 24 Stat. 553). Though the court had subject matter jurisdiction based on diversity of citizenship, "the nature of the controversy was such that the suit was not properly cognizable in the circuit court for the

10

reasons heretofore given." *Id.* Accordingly, the Court held that "[u]nder the acts of congress [the lower] court was not compelled to dismiss the case, but might have remanded it, and we may therefore direct it to do now what should have been done in the first instance." *Id.* at 460–61.

The plaintiffs argue that the same result should obtain here. Because *Cates*, no matter how long ago decided, is as binding as any Supreme Court precedent, I agree with the plaintiffs that remand is permitted and appropriate. As in *Cates*, the court possesses diversity jurisdiction. As in *Cates,* the claim is outside of the court's equitable jurisdiction. Accordingly, as in *Cates*, the case will be remanded to state court—a court that must follow California's rules on equitable relief, not the federal ones.

The plaintiffs' argument on this front begins and ends with *Cates*, but there is other support for their position as well. Nearly three decades after *Cates*, the Supreme Court reiterated its holding that if a removed suit is "beyond the equitable jurisdiction of the federal court" but "may be granted by the state court," *remand* should follow. *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927). For that holding, it relied on *Cates*. *Id.*

Another line of modern jurisprudence supports the plaintiffs' view. The remand statute generally contemplates two situations in which cases are remanded: when the court lacks subject matter jurisdiction and when there was a defect in the removal procedure. *See* 28 U.S.C. § 1447(c). But the Supreme Court has held that courts can also remand cases when a federal abstention doctrine would require them to dismiss or stay the case if filed in federal court originally. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717–18 (1996).[3] Although the abstention doctrines and the boundaries of equitable jurisdiction are not the same, they are related. The abstention doctrines originally stemmed from the authority of a federal court "to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity." *Id.* at

---

[3] In *Thermtron Prod., Inc. v. Hermansdorfer*, the Court appeared to say that the only grounds for remand were those spelled out in the statute. 423 U.S. 336, 344 (1976). The Court has since walked back that reading in no uncertain terms. *Quackenbush*, 517 U.S. at 721; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 (1988) ("The language from *Thermtron* that petitioners cite, viewed in isolation, is admittedly far-reaching, but it loses controlling force when read against the circumstances of that case."). *Thermtron* itself addressed only the situation in which the district court remanded because its docket was crowded.

718 (internal quotation marks and citation omitted). And though the doctrines apply more broadly now, the underlying principle was originally attention to the public-interest consequences of employing the power of the injunction. *See id.* Accordingly, the Court has explained that:

> We have thus held that *in cases where the relief being sought is equitable in nature* or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, *decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court*.

*Id.* at 721 (emphasis added). *Quackenbush*—not even arguably a relic of the bygone past, as Transamerica attempt to paint *Cates*—supports the view that remand is appropriate here.

Transamerica has several counterarguments. First, it contends that remanding these claims would flout Congress's intent in passing the Class Action Fairness Act ("CAFA"), the statute under which this case was removed. Oppo. 14. It is true that Congress enacted CAFA out of concern that "certain requirements of federal diversity jurisdiction . . . had functioned to keep cases of national importance in state courts rather than federal courts." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (internal quotation marks, alteration, and citation omitted). But CAFA did so in two specific ways: it "replaced the ordinary requirement of complete diversity of citizenship among all plaintiffs and defendants with a requirement of minimal diversity," and it "grant[ed] federal jurisdiction over class and mass actions in which the *aggregate* amount in controversy exceeds $5 million." *Id.* at 165–66 (emphasis added, internal citations omitted). None of that has to do with equitable jurisdiction. Congress did not purport to alter traditional equitable rules.

Next, Transamerica argues that *Cates* has no bearing in the modern day because it predated the merger of law and equity. *See* Oppo. 15–18; *supra* Section I.A (discussing the merger). *Cates* does predate the merger. It also includes some discussion related to courts exercising authority on their "law side" versus their "equity side." But its core and relevant holding was that, because the federal court lacked equitable jurisdiction, the case should be remanded to state court. Indeed, the reason that the federal court lacked that jurisdiction was that the plaintiff had not exhausted its legal remedies. And that reading—not Transamerica's—is the understanding the Supreme Court itself later gave *Cates*. *See Twist*, 274 U.S. at 690. In any event, none of this would address *Twist*.

12

It also would not address *Quackenbush*, and the strong parallel between a lack of equitable jurisdiction and the born-of-equity abstention doctrines.

I recognize that, upon finding they cannot award equitable relief under traditional equitable rules, courts usually dismiss those claims or requests for relief. But that practice does not mean it is required when the case began in state court. *Cates*, *Twist*, and *Quakenbush* counsel otherwise. Transamerica has not pointed to, and I have not found, any authority that holds or suggests remand is prohibited.

A dismissal for lack of equitable jurisdiction, moreover, is not a dismissal on the merits. *See supra* Section I.B; *see, e.g.*, *Schlesinger*, 420 U.S. at 754 (holding that, just because there was subject matter jurisdiction, it did not mean "that the District Court properly could reach the merits" because "there remain[ed] the question of equitable jurisdiction"); *Kama*, 394 F.3d at 1237–38 (explaining that "Kama argues only the merits of his motion and fails to address the threshold issue of whether the district court abused its discretion in declining to exercise its equitable jurisdiction" and "we can only reach the merits of his motion if the district court abused its discretion when it declined to exercise its equitable jurisdiction").[4] Accordingly, though the issue is not squarely before me, it seems that plaintiffs could simply refile their claims in state court if they were dismissed in federal court on this ground. (*Sonner*, to put a fine point on it, was refiled in state court after the Ninth Circuit affirmed dismissal. *See Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2021 WL 1134386, at *3 (N.D. Cal. Feb. 24, 2021) (declining to

---

[4] The Supreme Court once stated that "[w]hether a suitor is entitled to equitable relief in the federal courts, other jurisdictional requirements being satisfied, is strictly not a question of jurisdiction in the sense of the power of a federal court to act. It is a question only of the merits; whether the case is one for the peculiar type of relief which a court of equity is competent to give." *Di Giovanni v. Camden Fire Ins. Ass'n*, 296 U.S. 64, 69 (1935). That lone statement does not change my conclusion. It cuts against the significant authority I rely on, including *Schlesinger*, a Supreme Court cases decided more recently. Further, *Di Giovanni*, in context, was largely assessing whether a lack of equitable jurisdiction deprived the court of subject matter jurisdiction, so its reference to "the merits" is better read to mean "not concerning subject matter jurisdiction." And the case that *Di Giovanni* cited for this statement underlines this; it was entirely concerned with differentiating subject matter jurisdiction and equity jurisdiction. *See Commonwealth of Pennsylvania v. Williams*, 294 U.S. 176, 181–82 (1935). Notably, it did not hold the latter to be a determination on the merits.

1  enjoin state proceeding).)  Remand achieves the same outcome more efficiently.

2  Re-filing also creates a risk that another district court explained in a related context.
3  There, the court found that the plaintiff lacked Article III standing to pursue injunctive relief in
4  federal court but thought it might have standing in state court.  *See Machlan v. Procter & Gamble*
5  *Co.*, 77 F. Supp. 3d 954, 960 (N.D. Cal. 2015).  If it did not remand the case, the court explained,
6  it "could become stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2)
7  removal by defendants and then (3) dismissal by this Court." *Id.* at 961.  The same risk exists
8  here.  Neither law nor logic requires that result, and precedent suggests the contrary approach.

### III.  Attorney's Fees and Costs

The plaintiffs also seek fees and costs.  The request is denied.  Under Section 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The issue is committed to the discretion of the district court. *Id.*  Here, Transamerica had an objectively reasonable basis to remove the case.  The plaintiffs admit that subject matter jurisdiction was proper under CAFA and their specific argument for remand is, as noted above, novel.

### CONCLUSION

The case is REMANDED to the Superior Court of Alameda County.

**IT IS SO ORDERED.**

Dated: September 23, 2021

William H. Orrick
United States District Judge

14